## NEWPORT COUNTY.

John Peckham *vs.* Thomas W. Bicknell *et als.*

To proceedings under Revised Statutes R. I. cap. 64, § 4, for the appointment by the school commissioner of assessors to assess a tax, the school district concerned is a necessary party, and notice to such district is required.

Such assessors acting under the commissioner's warrant must give proper notice, and must thereafter make the assessment upon their own judgment.

In case of irregularity or illegality in such assessment, a collector of the tax assessed, acting under a warrant apparently legal, would not be liable in trespass. Otherwise, if the collector had also been one of the assessors.

Trespass. On demurrer to the plea.

A district school tax amounting to $2.55 was assessed against the plaintiff which he refused to pay, whereupon payment was enforced by levy and sale of his land. The plaintiff claiming that all the proceedings were illegal brought this action against the then school commissioner and the assessors and collector, alleging that the defendants, under color of their respective offices, *vi*

*et armis*, unlawfully assessed and caused to be assessed against the plaintiff an illegal tax, and unlawfully levied on, advertised, and ·sold at public auction and conveyed the real estate of the plaintiff, situated in Middletown, to enforce the payment of said alleged illegal tax, whereby the plaintiff suffered mortification and pain of mind, and was put to trouble and expense, and was deprived of his real estate, and the title thereto was clouded, and he was otherwise injured.

The *damnum* claimed was $2,000.

The defendants pleaded to the force and arms, not guilty; and to the rest of the declaration, justification by virtue of their authority as officers under the Public School Act, and set out the facts of the case at length.

To this plea plaintiff demurred specially, and recited thirteen causes of demurrer.

*Providence, July* 21, 1877. POTTER, J. Demurrer to plea. Suit against the late school commissioner and assessors and collector appointed by him, for illegal assessment of a school tax and selling plaintiff's land. The defendants plead their proceedings under the school laws (Revised Statutes of 1857) as justification, and the plaintiff demurs.

The first point is, that neither the amount of the tax nor the time of payment were fixed by the district. The amount should be fixed as provided in the tax laws. In the present case it was left entirely indefinite. The time also should be fixed. But these points are unimportant in the present suit, as the proceedings to sell were under another provision of the school law, and if otherwise valid, might have been valid independent· of this vote.

Taking the allegations of the plea as true, the trustee made a contract with the teacher, and this contract was made known to the district meeting, and the vote of the district thereon, though invalid for other purposes, may well be held to be a ratification of it.

Although called an appeal, there was here no such appeal to the commissioner as is intended by Rev. Stat. R. I. cap. 68, §§ 1, 6. But the subsequent proceedings were had under Rev. Stat. R. I. cap. 64, § 4, by which, when a tax is "voted, assessed, and approved of, and a contract legally entered into,"

or if a " *contract is legally entered into* without such vote, assessment, and approval," and a district neglects or refuses to collect a tax, "the commissioner, after notice to and hearing of the parties, may appoint assessors to assess a tax, and may issue a warrant to the collector of the district or to a collector by him appointed, authorizing and requiring him to proceed and collect said tax."

The plea alleges substantially that the teacher, Coggeshall, and the trustee, Carpenter, united in an appeal, which we may construe to mean that they applied under this provision, to the commissioner May 12, 1870, and that he appointed the same day for a hearing, and that "due and actual notice of such hearing before the commissioner was given, and both parties were present." It does not otherwise allege to whom notice was given, or who were present ; and by both parties, we must understand the two persons before named, no others are either directly or indirectly referred to. The district was the party against whom the contract was to be enforced, and of course a proper party to this proceeding, and as the plea does not allege that the district was notified, the demurrer must be sustained.

If the district was actually notified, and it was intended so to allege, the plea, if otherwise good, might upon terms be amended.

The plea then alleges that the commissioner, on July 9, 1870, decided that the tax voted by the district, " sufficient to pay the residue of the contract," should be assessed and collected in accordance with the power conferred by Rev. Stat. R. I. cap. 64, § 4; and issued a warrant to Messrs. Peckham, Carpenter, and the district clerk, to assess a tax " on the valuation of the town assessors of 1869–70," and appointed the district collector to collect it ; that the district clerk declined to act as assessor, and notified the commissioner ; and the commissioner, whether verbally or in writing is not said, directed the other two to proceed and assess the tax ; and that they were legally appointed and qualified, and did assess a tax on said valuation, &c., &c. ; that the commissioner approved it, and, August 30th, issued his warrant to said Peckham to collect it.

When a district trustee apportions a tax, he is to do it, Rev. Stat. R. I. cap. 64, § 2, on a valuation made by the town assessors. But when a tax is to be collected under the commissioner's

warrant, the assessors may use the town valuation as a guide; but they must, after all, assess it upon their own judgment. And it being an actual assessment, proper notice should have been given, which is nowhere alleged.

It is evident enough that the commissioner and assessors have confounded modes of proceeding, which the school law intended should be kept entirely distinct.

Upon other points we do not deem it necessary to express an opinion. The proceedings were irregular in many respects. The plea states some immaterial facts, and omits some things which we consider material to justification. The collector, merely as collector, acting under an apparently legal warrant, would not be held liable. But he was also one of the assessors.

*Demurrer sustained.*

*Francis B. Peckham, Jr.,* for plaintiff.

*George H. Browne & Francis Brinley,* for defendants.